J-S27035-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN R. BAILEY | : | |
| | : | |
| Appellant | : | No. 1628 WDA 2018 |

Appeal from the Judgment of Sentence Entered October 26, 2018
In the Court of Common Pleas of Crawford County Criminal Division at
No:  CP-20-CR-0000485-2018

BEFORE:   OLSON, J., OTT, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                          FILED DECEMBER 31, 2019

Appellant, Kevin R. Bailey, appeals from the judgment of sentence imposed by the Honorable Mark D. Stevens, after entering a guilty plea to three counts of Rape of a Child, one count of Involuntary Deviate Sexual Intercourse of a Child (IDSI) and two counts of Aggravated Indecent Assault.[1] Appellant's counsel has filed a petition to withdraw and an Anders[2] brief, stating that the appeal is wholly frivolous.  After careful review, we affirm and grant counsel's petition to withdraw.

---

[1] 18 Pa.C.S. §§ 3121(c), 3123 (b), 3125 (a)(7), respectively.

[2] Anders v. California, 386 U.S. 738 (1967).

*   Retired Senior Judge assigned to the Superior Court.

The facts underlying this appeal are as follows. On multiple occasions between January 1, 2017 and March 14, 2018, Appellant touched the vagina of his biological daughter, J.L.B., with his fingers and tongue. J.L.B. would have been six years old when the abuse started. Appellant was arrested and charged with 51 total counts, including multiple charges of Rape of a Child, IDSI of a Child, Aggravated Indecent Assault, Indecent Assault, Endangering the Welfare of a Child and Corrupting the Morals of a Child. Appellant made an admission to police that he touched the vagina of his daughter with his tongue and fingers at least thirty times.

On September 6, 2018, Appellant entered into a guilty plea to three counts of Rape of a Child, one count of IDSI of a Child and two counts of Aggravated Indecent Assault. On October 26, 2018, Appellant was sentenced. The trial court sentenced Appellant to 240-480 months' incarceration on each charge of Rape of a Child, to run concurrent. Appellant was sentenced to 240-480 months' incarceration as to the count of IDSI of a Child, to run consecutively to the counts above. As to the two charges of Aggravated Indecent Assault, Appellant was sentenced on each charge to 60-120 months' incarceration to run concurrent to the count of IDSI of a Child but consecutive to the counts of Rape of a Child. Appellant received an aggregate sentence of

480 to 960 months' incarceration (40-80 years' incarceration). Appellant was also advised that he must comply with lifetime registration under SORNA, as a Tier III offender.[3] Appellant filed a timely post-sentence motion, requesting that the trial court modify his sentence to run all of his counts concurrently and to "modify his sentence at count 1-3 and 11 not to be at the top of the standard range." Appellant's Motion for Reconsideration, 11/2/18. The trial court denied Appellant's motion. On November 9, 2018, Appellant filed this timely direct appeal.[4]

On December 9, 2019, Counsel filed an Anders Brief, in which he presented the following issue:

> Whether Appellant has any non-frivolous issues to raise on appeal?

Anders Brief at 5.

On December 9, 2019, Counsel sent a letter to Appellant, informing him that he intended to file an Anders brief and petition to withdraw. On

---

[3] 42 Pa.C.S. § 9799.23.

[4] Appellant timely filed his statement of errors complained of on appeal on November 30, 2018. The trial court entered its opinion on December 13, 2018.

December 13, 2019, the Commonwealth sent a letter to this Court stating that it did not intend to file a responsive brief.[5]

"When presented with an Anders brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." Commonwealth v. Daniels, 999 A.2d 590, 593 (Pa. Super. 2010) (internal citation omitted). An Anders brief shall comply with the requirements set forth by the Supreme Court of Pennsylvania in Commonwealth v. Santiago, 978 A.2d 349, 361 (Pa. 2009):

> [W]e hold that in the Anders brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

---

[5] Appellant has been represented by the Crawford County Public Defender throughout the guilty plea and this direct appeal. Appellant's original counsel on direct appeal submitted an Anders brief and application to withdraw on March 30, 2019, but did not attach the notes of testimony from the guilty plea. On July 15, 2019, this Court denied counsel's motion to withdraw and remanded the appeal, retaining jurisdiction, to allow counsel to obtain the transcripts and submit an appellate brief or new Anders brief. See Commonwealth v. Flowers, 113 A.3d 1246, 1251 (Pa. Super. 2015) (Court determined that counsel could not have fulfilled his duty to review the entire record for any non-frivolous issues where notes of testimony from appellant's guilty plea were not a part of the record). After a second remand on September 30, 2019, to determine the status of counsel, a newly appointed Defender entered his appearance on December 2, 2019 and filed this current Anders brief and application to withdraw as counsel. Counsel reviewed and attached the notes of testimony from Appellant's guilty plea to this Anders brief.

Counsel seeking to withdraw on direct appeal must meet the following obligations to his or her client:

> Counsel must also provide a copy of the Anders brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in the Anders brief.

Commonwealth v. Orellana, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks, citation, and brackets omitted). If counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is wholly frivolous. Commonwealth v. Yorgey, 188 A.3d 1190, 1196 (Pa. Super. 2018) (en banc); Commonwealth v. Dempster, 187 A.3d 266, 271 (Pa. Super. 2018) (en banc). This Court first considers the issues raised by counsel in the Anders brief and then conducts an examination of the record to discern if there are any other issues of arguable merit overlooked by counsel. Commonwealth v. Prieto, 206 A.3d 529, 533 (Pa. Super. 2019); Yorgey, 188 A.3d at 1197.

In this appeal, we observe that Appellant was provided with a copy of the Anders brief. Appellant was informed of his right to proceed pro se or to retain new counsel to raise any points he deems worthy of the Court's attention. Appellant filed a pro se response to counsel's Anders brief on

December 24, 2019.[6] Further, Counsel's Anders Brief, at 6-7, complies with prevailing law in that Counsel has provided a procedural and factual summary of the case with references to the record. Counsel believes there is nothing in the record that arguably supports the appeal. Anders brief at 16, 19. Ultimately, Counsel cites his reasons and conclusion that Appellant's "case presents no non-frivolous issues for review." Id. at 20. Counsel's Anders brief and procedures, therefore, comply with the technical requirements of Santiago and Orellana. We therefore proceed to conduct an independent review to ascertain whether the appeal is indeed wholly frivolous.

This Court first considers the issues raised by counsel in the Anders brief and determines whether they are in fact frivolous. Yorgey, 188 A.3d at 1197; Dempster, 187 A.3d at 272. In addition, if the Court finds all of those issues frivolous, this Court conducts an examination of the record to discern if there are any other issues of arguable merit overlooked by counsel. Yorgey, 188 A.3d at 1196-97; Dempster, 187 A.3d at 271-72.

The first issue raised in counsel's Anders brief is whether the sentencing court was within its discretion in sentencing Appellant within the standard range and running some counts consecutive and others concurrent. Anders Brief at 12. Appellant argues that the trial court abused its discretion in sentencing him to the high end of the standard range and sentencing him to

---

[6] In his pro se response, Appellant requested a new attorney in order to fully brief the issue that his sentence is manifestly excessive.

consecutive sentences for three of the counts. Appellant's Pa.R.A.P. 1925(b) Statement of Errors Complained of on Appeal, 11/30/18. Appellant argues that the sentence is clearly unreasonable despite being within the standard range because it will effectively be a death sentence. Id. Appellant avers the sentence is contrary to the fundamental norms underlying the sentencing process because it is manifestly excessive. Id.

Appellant's first issue is a challenge to the discretionary aspects of Appellant's sentences and are therefore not appealable as of right. Dempster, 187 A.3d at 272; Commonwealth v. Bynum-Hamilton, 135 A.3d 179, 184 (Pa. Super. 2016).

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

Commonwealth v. Manivannan, 186 A.3d 472, 489 (Pa. Super. 2018) (quotation marks and some citations omitted), reargument denied (July 7, 2018). Appellant filed a timely notice of appeal and properly preserved this

issue in a post-sentence motion.[7] We must now determine whether Appellant has raised a substantial question for review.

A claim that a sentence within statutory limits is excessive is generally not sufficient to raise a substantial question, absent a claim that the sentence violates a specific provision of the Sentencing Code or that the sentencing court did not consider the sentencing guidelines or factors concerning the crimes and the defendant that a sentencing court is to consider under the Sentencing Code. Dempster, 187 A.3d at 272-23 n.6; Bynum-Hamilton, 135 A.3d at 184; Zeigler, 112 A.3d at 662; Commonwealth v. Fisher, 47 A.3d 155, 159 (Pa. Super. 2012); Commonwealth v. Titus, 816 A.2d 251, 255–56 (Pa. Super. 2003).

An appellant may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a

---

[7] Counsel did not provide a Pa.R.A.P. 2119(f) statement in his Anders brief. In cases where counsel files an Anders brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. Commonwealth v. Zeigler, 112 A.3d 656, 661 (Pa. Super. 2015). Accordingly, we do not consider this defect as precluding review of whether Appellant's issue is frivolous. Additionally, we note the Commonwealth did not file a brief, nor did they object to this defect. See Commonwealth v. Stewart, 867 A.2d 589, 592 (Pa. Super. 2005) (declining to find waiver of sentencing claim due to lack of Pa.R.A.P. 2119(f) statement where Commonwealth did not object); See also Commonwealth v. Dodge, 77 A.3d 1263, 1271 (Pa. Super. 2013).

- 8 -

substantial question. Commonwealth v. Radecki, 180 A.3d 441, 469 (Pa. Super. 2018) (internal citations omitted).

Generally, Pennsylvania law "affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question." Commonwealth v. Pass, 914 A.2d 442, 446–47 (Pa. Super. 2006). See also Commonwealth v. Hoag, 665 A.2d 1212, 1214 (Pa. Super. 1995) (stating appellant is not entitled to "volume discount" for his crimes by having all sentences run concurrently). "Thus, in our view, the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." Commonwealth v. Prisk, 13 A.3d 526, 533 (Pa. Super. 2011) (internal citation omitted). See Commonwealth v. Moury, 992 A.2d 162, 171–72 (Pa. Super. 2010) ("The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.").

We find that Appellant did not raise a substantial issue for review. See Commonwealth v. Dodge, 77 A.3d 1263, 1273 (Pa. Super. 2013) (holding consecutive, standard range sentences on thirty-seven counts of theft-related

offenses for aggregate sentence of 58 ½ to 124 years' imprisonment constituted virtual life sentence and, thus, was so manifestly excessive as to raise substantial question, and appellant also raised a challenge to trial court's failure to consider mitigating factors). See Commonwealth v. Mastromarino, 2 A.3d 581, 589 (Pa. Super. 2010) (appellant was the "mastermind" behind the illegal harvesting of body parts from 244 corpses in Pennsylvania, falsified records, destroyed evidence, and placed diseased tissue into the stream of commerce, pled guilty to 1,353 criminal counts. Court determined that aggregate sentence of twenty-five years to fifty-eight years in prison is neither grossly disparate to appellant's conduct nor does it viscerally appear as patently unreasonable and appellant did not present a substantial question for review because the decision to sentence consecutively did not raise the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case.) See Prisk, 13 A.3d at 533 (appellant sentenced to 633-1500 years' incarceration, Court decided that although a substantial question appeared to exists on the surface, court deemed the sentence was not excessive in light of the violent criminal conduct of systematic sexual abuse of his stepdaughter which occurred almost daily over six years). See also Commonwealth v. Coulverson, 34 a.3d 135, 143 (Pa. Super. 2011) (appellant argued that his sentence was manifestly excessive and trial court failed to consider mitigating circumstances, Court found substantial question existed).

Appellant's argument that the imposition of consecutive sentences on some of his charges is manifestly excessive because it will effectively be a death sentence does not present a substantial question for our review. The fact that some of the sentences were imposed consecutively does not raise a substantial question where, as here, the resulting total aggregate sentence is not extremely lengthy for the criminal conduct at issue, the crimes for which consecutive sentences were imposed arose out of separate conduct, and there is no basis for a claim that the sentencing court failed to consider mitigating factors. Radecki, 180 A.3d at 468-70; Commonwealth v. Zirkle, 107 A.3d 127, 133-34 (Pa. Super. 2014). The choice between consecutive and concurrent sentences is solely within the discretion of the trial court. See, e.g., Commonwealth v. Boyer, 856 A.2d 149, 153-54 (Pa. Super. 2004) (and cases cited therein). We find this issue frivolous.

Appellant's second issue is whether there was a basis for filing a motion to suppress Appellant's interview with investigators. Anders brief at 16. It is well settled Pennsylvania law that by entering a negotiated guilty plea, a defendant waives his right to challenge on direct appeal all non-jurisdictional defects except the legality of the sentence and the validity of the plea. See Commonwealth v. Reichle, 589 A.2d 1140, 1141 (Pa. Super. 1991) ("[A] plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea."); see also Commonwealth v. Moyer, 444 A.2d

101 (Pa. 1982); Commonwealth v. Coles, 530 A.2d 453, 457 (Pa. Super. 1987). Moreover, a defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. Commonwealth v. Tareila, 895 A.2d 1266, 1270 n. 3 (Pa. Super. 2006). See Commonwealth v. Lincoln, 72 A.3d 606, 609–610 (Pa. Super. 2013).

A review of the notes of testimony from Appellant's guilty plea confirm that Appellant did not object during the plea colloquy, nor did Appellant file a motion to withdraw the plea. As such, Appellant has waived his right to challenge an issue that does not concern the jurisdiction of the court, the legality of the sentence, or the validity of the guilty plea. Additionally, if Appellant chooses to challenge the failure of counsel to file a motion to suppress, as it relates to an ineffectiveness of counsel challenge, he must do so in a petition pursuant to the Post Conviction Relief Act (PCRA).[8] "Claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." Commonwealth v. Holmes, 79 A.3d 562, 576 (Pa. 2013). Accordingly, we find this issue frivolous.

---

[8] See 42 Pa.C.S. §§ 9541-9546.

Appellant's final issue concerns whether his prior record score was properly calculated and whether there was any basis for challenging the accuracy of the prior convictions in the pre-sentence investigative report. Anders brief at 18. Appellant challenges the trial court's calculation of his prior record score, contending that the grading of his prior conviction for Burglary should be a misdemeanor and not a felony. This presents a challenge to the discretionary aspects of his sentence. See Commonwealth v. Spenny, 128 A.3d 234, 241 (Pa. Super. 2015) (internal citations omitted). A claim that the trial court erroneously computed a defendant's prior record score presents a substantial question. Commonwealth v. Johnson, 758 A.2d 1214, 1216 (Pa. Super. 2000). However, Appellant did not preserve this issue at sentencing or in a motion to reconsider and modify sentence. See Pa.R.Crim.P. 720; See Manivannan, 186 A.3d at 489. Accordingly, this issue is waived and we find the issue frivolous.

Based on the foregoing, we agree with appellate counsel that the issues raised by Appellant lack merit. In addition, we have reviewed the certified record consistent with Flowers, 113 A.3d at 1250, and have discovered no additional arguably meritorious issues. Therefore, we grant Appellate counsel's petition to withdraw and affirm the trial court's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/2019